■ LINDA M. KERN, by LINDA KERN, Her Guardian ad Litem, et al., Appellants, v. CENTRAL FREE SCHOOL DISTRICT No. 4, TOWN OF BROOKHAVEN, Respondent.— In a proceeding pursuant to statute (General Municipal Law, § 50-e, subd. 5) for leave to serve a late notice of claim for damages for personal injury, loss of services and medical expense, plaintiffs, an infant and her mother, appeal from two orders of the Supreme Court, Suffolk County: (1) an order entered March 4, 1964, which, upon defendant's motion for reconsideration, (a) recalled a prior decision granting the application as to both plaintiffs, (b) vacated an order made on the prior decision, (c) denied the application and (d) declared plaintiffs' notice of claim to be a nullity; and (2) an order entered June 25, 1964, which denied plaintiffs' motion for leave to reargue, but granted leave for the making of a new application for the infant under paragraph (1) of the above-cited subdivision 5 of section 50-e. Plaintiffs purport also to appeal from the decision dated February 17, 1964 upon which the March 4, 1964 order was made. Order entered March 4, 1964 modified to the extent that, pursuant to paragraph (1) of subdivision 5 of section 50-e of the General Municipal Law, the original decision be adhered to insofar as it granted the infant leave to serve a late notice of claim. As so modified, order affirmed, without costs. The infant's time to serve her notice of claim is extended until 20 days after entry of the order hereon. Appeals from order entered June 25, 1964 and the decision of February 17, 1964 dismissed, without costs. An order denying reargument where no new facts are presented is not appealable; and no appeal lies from a decision. As to the infant, the appeals from this order and the decision are dismissed for the further reason that they are rendered academic by the determination herein upon the appeal from the order of March 4, 1964. We agree with the learned Justice at Special Term that paragraph (3) of subdivision 5 of section 50-e of the General Municipal Law requires that the justifiable reliance on written settlement negotiations for which the court may excuse a failure to serve within the prescribed time must be such reliance on the part of the claimants. Since plaintiffs' attorney corresponded shortly after the accident in a fashion to indicate that even he was not relying on settlement negotiations as the basis for not serving a timely notice of claim, the plaintiff parent has no statutory basis upon which to serve a late notice of claim. The court has no power to help her. The infant must be treated differently. She has available to her a separate statutory basis for late filing — her infancy (General Municipal Law, § 50-e, subd. 5, par. [1]) — she was 15 years of age, and we have held that an attorney's error causing a late or erroneous service will not preclude an infant's reliance on the statute (Matter of Spanos v. Town of Oyster Bay, 23 A D 2d 881, affd. 16 N Y 2d 951; Matter of Pandoliano v. New York City Tr. Auth., 17 A D 2d 951). Here the original application, made within the one-year over-all period prescribed by the statute (see Gibbs v. City of New York, 23 A D 2d 665), was based on all of subdivision 5 of section 50-e of the statute; this includes the infancy excuse. Thus, to obviate circuity and the danger that a new application based on infancy might be time-barred under the one-year provision, we think it is a more appropriate exercise of discretion to modify the March 4, 1964 order as indicated herein. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.